1                                                                 Hon. Richard A. Jones

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    GRIFFIN TECHNOLOGY HOLDINGS
     INCORPORATED, et al.                          NO.  C13-1465 RAJ
9
                                 Plaintiffs,        **AGREEMENT REGARDING
10                                                  DISCOVERY OF ELECTRONICALLY
     vs.                                            STORED INFORMATION AND ORDER**
11
     IWICS, INC.,
12
                                 Defendant.
13

14        The parties hereby stipulate to the following provisions regarding the discovery of

15   electronically stored information ("ESI") in this matter:

16   **A.        General Principles**

17        1.        An attorney's zealous representation of a client is not compromised by conducting

18   discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate

19   in facilitating and reasonably limiting discovery requests and responses raises litigation costs and

20   contributes to the risk of sanctions.

21        2.        The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be

22   applied in each case when formulating a discovery plan. To further the application of the

23

ESI AGREEMENT AND ORDER - 1
[NO.  C13-1465 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1    proportionality standard in discovery, requests for production of ESI and related responses

2    should be reasonably targeted, clear, and as specific as possible.

3    **B.      ESI Disclosures**

4          Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the

5    parties, each party shall disclose:

6          1.      Custodians. The five custodians most likely to have discoverable ESI in their

7    possession, custody or control. The custodians shall be identified by name, title, connection to

8    the instant litigation, and the type of the information under his/her control.

9          2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared

10   drives, servers, etc.), if any, likely to contain discoverable ESI.

11         3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to

12   contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage,

13   etc.) and, for each such source, the extent to which a party is (or is not) able to preserve

14   information stored in the third-party data source.

15         4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI

16   (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the

17   data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

18   (Section (C)(2) below sets forth data sources and ESI which are not required to be preserved by

19   the parties. Those data sources and ESI do not need to be included on this list.)

20   **C.      Preservation of ESI**

21         The parties acknowledge that they have a common law obligation to take reasonable and

22   proportional steps to preserve discoverable information in the party's possession, custody or

23   control. With respect to preservation of ESI, the parties agree as follows:

ESI AGREEMENT AND ORDER - 2
 [NO. C13-1465 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1      1.      Absent a showing of good cause by the requesting party, the parties shall not be

2   required to modify the procedures used by them in the ordinary course of business to back-up

3   and archive data; provided, however, that the parties shall preserve all discoverable ESI in their

4   possession, custody or control. All parties shall supplement their disclosures in accordance with

5   Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory

6   disclosure where that data is created after a disclosure or response is made (unless excluded

7   under (C)(2) or (D)(1)-(2) below).

8      2.      Absent a showing of good cause by the requesting party, the following categories

9   of ESI need not be preserved:

10          a.      Deleted, slack, fragmented, or other data only accessible by forensics.

11          b.      Random access memory (RAM), temporary files, or other ephemeral data

12   that are difficult to preserve without disabling the operating system.

13          c.      On-line access data such as temporary internet files, history, cache,

14   cookies, and the like.

15          d.      Data in metadata fields that are frequently updated automatically, such as

16   last-opened dates (see also Section (E)(5)).

17          e.      Back-up data that are substantially duplicative of data that are more

18   accessible elsewhere.

19          f.      Server, system or network logs.

20          g.      Data remaining from systems no longer in use that is unintelligible on the

21   systems in use.

22          h.      Electronic data (e.g. email, calendars, contact data, text messages, and

23   notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices),

ESI AGREEMENT AND ORDER - 3
[NO.  C13-1465 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1    *provided* that a copy of all such electronic data is routinely saved elsewhere (such as on a server,

2    laptop, desktop computer, or "cloud" storage).

3              i.       Social social media data, including Facebook, LinkedIn, and Twitter.

4    **D.      Privilege**

5         1.       With respect to privileged or work-product information generated after the filing

6    of the complaint, parties are not required to include any such information in privilege logs.

7         2.       Activities undertaken in compliance with the duty to preserve information are

8    protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

9         3.       Information produced in discovery that is protected as privileged or work product

10   shall be immediately returned to the producing party, and its production shall not constitute a

11   waiver of such protection, if: (i) such information appears on its face to have been inadvertently

12   produced or (ii) the producing party provides notice within 15 days of discovery by the

13   producing party of the inadvertent production.

14   **E.      ESI Discovery Procedures**

15        1.       <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted

16   absent a demonstration by the requesting party of specific need and good cause or by agreement

17   of the parties.

18        2.       <u>Search methodology</u>. The parties shall attempt to reach agreement on appropriate

19   search terms, or an appropriate computer- or technology-aided methodology, before any such

20   effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the

21   search terms or computer- or technology-aided methodology.

22             a.       A producing party shall disclose what search terms, if any, were used to

23   locate ESI likely to contain discoverable information. If search terms were not used, the

ESI AGREEMENT AND ORDER - 4
[NO. C13-1465 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1    producing party shall disclose the search methodology used to locate ESI likely to contain

2    discoverable information.

3                b.       If search terms were used to locate ESI likely to contain discoverable

4    information, a requesting party is entitled to no more than 5 additional terms or queries to be

5    used in connection with further electronic searches absent a showing of good cause or agreement

6    of the parties. The parties shall confer in good faith on the 5 additional terms or queries. Focused

7    terms and queries, rather than overbroad ones (e.g., product and company names), should be

8    employed.

9                c.       Absent a showing of good cause, search terms returning more than 250

10   megabytes of data are presumed to be overbroad.

11               d.       The producing party shall search both non-custodial data sources and ESI

12   maintained by the custodians identified above.

13       3.       Format. The parties agree that ESI will be produced to the requesting party with

14   searchable text, in a format to be decided between the parties. Acceptable formats include, but

15   are not limited to, native, TIFF (with a companion text file), and searchable PDF. Unless

16   otherwise agreed to by the parties, files that are not easily converted to image format, such as

17   spreadsheet, database and drawing files, should be produced in native format.

18       4.       De-duplication. The parties may de-duplicate their ESI production across

19   custodial and non-custodial data sources after disclosure to the requesting party.

20       5.       Metadata fields. If the requesting party seeks metadata, the parties agree that only

21   the following metadata fields need be produced: document type; custodian and duplicate

22   custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file

23   path; date and time created, sent, modified and/or received; and hash value.

ESI AGREEMENT AND ORDER - 5
[NO.  C13-1465 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1    DATED:  November 12, 2013

2    **SIMBURG, KETTER, SHEPPARD & PURDY, LLP**        **ASHBAUGH BEAL**

3    By:  s/ Jonathan I. Feil                                  By   s/ John S. Riper
     Jonathan I. Feil, WSBA No. 14166                 John S. Riper, WSBA #11161
4    James A. Jackson, WSBA No. 29836                 jriper@ashbaughbeal.com
     jfeil@sksp.com, jjackson@sksp.com                Attorneys for Defendant

5
     **ANDREWS KURTH LLP**
6
     By:  s/ Robert A. Gutkin
7    Robert A. Gutkin (admitted pro hac vice)
     RobertGutkin@andrewskurth.com
8
     Attorneys for Plaintiffs
9
                                    **ORDER**
10
     Based on the foregoing, IT IS SO ORDERED.
11
     DATED: November 25, 2013.
12

13                                       _Richard A. Jones_

14
                                         The Honorable Richard A. Jones
15                                       United States District Judge

16

17

18

19

20

21

22

23

ESI AGREEMENT AND ORDER - 6
[NO.  C13-1465 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929